IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| RAUL MARTINEZ GAMEZ,<br><br>               Petitioner,<br><br>vs.<br><br>DAVID EASTERWOOD, Acting Field Office Director of Enforcement and Removal Operations, St. Paul Field Office, Immigration and Customs Enforcement; KRISTI NOEM, in her official capacity as Secretary of the U.S. Department of Homeland Security; TODD LYONS, in their official capacity as acting director of U.S. Immigration and Customs Enforcement; PAM BONDI, in her official capacity as Attorney General of the United States; and ROB JEFFREYS, in his official capacity as Director of the Nebraska Department of Correctional Services;<br><br>               Respondents. | 4:26CV3009<br><br>ORDER |

      This matter is before the Court on Petitioner's Petition for Writ of Habeas Corpus, Filing No. 1, and Motion for Temporary Restraining Order, Filing No. 2. Petitioner alleges he is being unlawfully held in DHS custody in violation of his Due Process rights and the Immigration and Nationality Act. He has also filed a motion seeking an ex parte temporary restraining order declaring Defendants' actions unlawful and ordering his immediate release or preventing his transfer to another District.

      The Court finds ex parte relief is warranted to prevent the Court from losing jurisdiction should Petitioner be removed from the district. Accordingly, it grants Petitioner's ex parte temporary restraining order to the extent Respondents are prohibited from moving Petitioner from the District of Nebraska. It denies the motion temporary

1

restraining order in all other respects but will follow the habeas corpus statutory procedures to promptly address the merits of Martinez Gamez's petition after Respondents have been served.

"A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. "The writ, or order to show cause shall be directed to the person having custody of the person detained. It shall be returned within three days unless for good cause additional time, not exceeding twenty days, is allowed." *Id.* "The person to whom the writ or order is directed shall make a return certifying the true cause of the detention." *Id.* "When the writ or order is returned a day shall be set for hearing, not more than five days after the return unless for good cause additional time is allowed." *Id.*

The Court cannot say from the face of the application that Petitioner is not entitled to relief. Accordingly, it orders Petitioner to serve his petition and a copy of this Order on Respondents forthwith and file proof of service with the Court. Thereafter, Respondents shall show cause why Petitioner's writ should not be granted, Petitioner may reply, and the Court will hold a hearing on the matter. The Court finds the need to serve Respondents and the complexity of the legal issues constitute good cause for the briefing schedule to the extent it allows a response outside the three day return on show cause order provided in 28 U.S.C. § 2243.

Furthermore, the Court finds cause to preserve the status quo and the Court's jurisdiction by ordering that Petitioner may not be removed from the United States or the

District of Nebraska until further order of this Court.  See 28 U.S.C. § 1651; *A.A.R.P. v. Trump*, 145 S. Ct. 1364, 1368 (2025) ("grant[ing] temporary injunctive relief" against removal "to preserve our jurisdiction" while adjudicating the merits).  Accordingly,

IT IS ORDERED:

1. Petitioner's Motion for Temporary Restraining Order, Filing No. 2, is granted in part and denied in part as set forth herein.

2. Petitioner shall serve his petition and a copy of this Order on Respondents forthwith and file proof of such service with the Court.

3. Respondents shall file a return on the Order to Show Cause why the Petition for Writ of Habeas Corpus should not be granted within three business days after Petitioner serves them.

4. Petitioner shall have three business days from the date of Respondents' response to file a reply.

5. The Cout will thereafter set a prompt hearing on this matter.

6. Furthermore, Respondents shall not remove Petitioner from the United States or the District of Nebraska until further order of the Court.


Dated this 12th day of January, 2026.

                                               BY THE COURT:

                                               s/ Joseph F. Bataillon
                                               Senior United States District Judge